GUTIÉRREZ DEL ARROYO, APPELLANT, v. REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Cancellation of Mortgage.

No. 308.—Decided March 7, 1917.

POWER OF ATTORNEY—CANCELLATION OF MORTGAGE—COLLECTION OF DEBTS.—An attorney in fact who is authorized to enter into contracts for the cancellation of mortgage debts and to sign acquittances is authorized by implication to collect such debts, for it is inconceivable that authority to can-

çel a mortgage should be unaccompanied by authority to collect the amount due thereon, whether such payment be made voluntarily by the debtor or under foreclosure, there being no difference between a case where the attorney in fact is authorized to *foreclose and cancel mortgages* and another in which he is authorized only to *cancel mortgages.*

The facts are stated in the opinion.

*Messrs. Martínez & Iriarte* for the appellant.

The registrar appeared through his substitute.

MR. JUSTICE ALDREY delivered the opinion of the court.

Paul Barby and Rafael Schulz, as attorneys in fact of Hubert Koberg Schatz, executed an instrument for the cancellation of a certain mortgage securing a debt which the appellant, Olimpia Gutiérrez del Arroyo, owed to their principal, and upon the presentation of the deed of cancellation in the registry it was refused admission to record by the registrar on the ground that the powers of attorney did not authorize the attorneys in fact to collect mortgage debts due to their principal. In support of his decision the registrar cites the judgment of this court of October 29, 1913, in the case of *Andino* v. *Registrar of Property,* 19 P. R. R. 969.

Among the powers conferred upon the attorneys in fact who executed the deed of discharge and cancellation of the mortgage are included the making of contracts for the cancellation of mortgage debts and the signing of discharges.

We are of the opinion that this case is similar in all respects to the Andino case cited by the registrar and relied on also by the appellant as a ground for the reversal of the decision appealed from. In the Andino case the attorney in fact was empowered to foreclose and cancel mortgages already created and due and those to become due, but no authority was given him to collect debts due his principal. We there held that in giving the attorney in fact the power to foreclose and cancel mortgages the principal impliedly conferred upon him authority to collect the amounts secured by the mortgages which he was empowered to foreclose and cancel, because it could not be conceived that the principal would authorize the attorney in fact to foreclose a mortgage

and not empower him at the same time to receive the proceeds of the foreclosure, either from payment made by the debtor upon demand or by receiving the amount obtained at the auction sale terminating the foreclosure. And we added that this reasoning was equally applicable where the cancellation is made on account of a voluntary payment by the mortgagor, inasmuch as the power to foreclose and cancel mortgages carries with it the authority to take action for the collection of the amounts secured by the mortgages and to receive said amounts. In this case, as in the Andino case, there is no question of cancellation by foreclosure, but it is a case of voluntary payment. The cases are identical and we must decide, now as then, that the instrument should be recorded.

The sole ground relied upon by the registrar is that he understood that the judgment in the Andino case referred to a case where the attorney in fact was empowered to foreclose mortgages, and not to one like the present in which the power to cancel mortgages is conferred. There is no distinction between the two cases, as we then held, and, therefore, the judgment appealed from is reversed and it is ordered that the instrument be admitted to record.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.